IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KYLE INMAN, JAMES D. REYNOLDS, JR., NICHOLAS J. SOSIK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROANOKE, VIRGINIA,<br><br>Defendant. | Civil Action No. 7:21cv462<br><br>TRIAL BY JURY DEMANDED |

## COLLECTIVE COMPLAINT

COME NOW Plaintiffs Kyle Inman, James D. Reynolds, Jr. and Nicholas J. Sosik, on behalf of themselves and all others similarly situated, (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

**PRELIMINARY STATEMENT**

1. The named Plaintiffs and any Putative Plaintiffs are current and former employees of the City of Roanoke, Fire-EMS ("RFE"). This proceeding seeks unpaid overtime for Plaintiffs, and all others similarly situated, under the federal and state laws which establish the overtime compensation due to fire protection employees.

2. Count One is a Collective Action claim in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

1

3.      Count Two is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime, but pursuant to the enhanced relief provided by Va. Code § 9.1-700, *et seq.* for Virginia fire protection employees.  Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages pursuant to Va. Code § 9.1-700, *et seq.*

## PARTIES

4.      Defendant is the primary fire/rescue/emergency services agency in the City of Roanoke, Virginia and is comprised of fire protection employees and various clerical, administrative, and management personnel.  It employs over two hundred fifty (250) individuals.

5.      Defendant is an "employer" both within the meaning of 29 U.S.C. § 207(a)(1) and Va. Code § 9.1-700.  Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Va. Code § 9.1-700 and at all times relevant hereto.

6.      Plaintiffs are, or were, residents of Virginia and are, or were, fire protection employees employed by Defendant.  At all times relevant hereto, Plaintiffs were fire protection employees who are, or have been, employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and are fire protection employees within the meaning of Va. Code § 9.1-700.

7.      Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant as "fire protection employees" or "fire fighters" or with duties similar to "fire protection employees" and who were subject to the same uniform pay practices and policies.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 2201, 2202 and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

10. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

11. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

12. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

13. Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupy.

14. These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

15. Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, on uniform compensation models common to all Plaintiffs or wide subsets of Plaintiffs and other persons performing similar job functions.

16. The FLSA "collective" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job

functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3), or more, years of the date of filing of this action. However, this class is limited to fire protection personnel that worked hours in excess of the overtime threshold in September of 2019 due to a deployment of personnel to address possible emergency situations related to hurricane Dorian.

17. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein, as well as its active concealment of applicable FLSA/State Law rights, entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitations.

18. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

19. Plaintiffs' titles and job duties, and the titles and job duties of those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

### GENERAL FACTUAL AND LEGAL ALLEGATIONS

20. Defendant employs Plaintiffs as "fire protection employees."

21. As fire protection employees, Plaintiffs' duties consist of providing emergency first-response services, medical aid, and fire suppression services.

22. Defendant pays Plaintiffs on an hourly basis and has done so for all times pertinent to this action.

23. Plaintiffs and other similarly situated employees work regularly scheduled work hours which recur each work week or after each period of workweeks.

24. In 2005, Virginia state law was amended to require that Virginia fire protection employees working for jurisdictions employing 100 or more employees pay

overtime compensation for the difference in the regularly scheduled work week, or, generally, one hundred sixty (160) hours in a twenty-eight day period and the 171 hour federal maximum (or 80 and 86 over a 14 day period) allowed by 29 U.S.C. § 201(k). Va. Code § 9.1-700 *et seq*.

25.     Va. Code § 9.1-701 further requires that fire protection employees be paid at an overtime rate for all "hours of work" beyond the hours for which they are paid. In pertinent part, that statute states:

> Employers shall pay [....] employees overtime compensation or leave, as under the Fair Labor Standards Act, 29 U.S.C. § 207(o), at a rate of not less than one and one-half times the employee's regular rate of pay for all hours of work between the statutory maximum permitted under 29 U.S.C. § 207(k) and the hours for which an employee receives his salary, or if paid on an hourly basis, the hours for which the employee receives hourly compensation.

26.     Unlike the FLSA, which only counts hours actually worked toward overtime entitlement (*See* 29 USC § 207(e)(2)), Va. Code § 9.1-703, titled "Hours of Work," determines overtime entitlement by the hours spent in "paid status."  It dictates that "[f]or purposes of computing [....] employees' entitlement to overtime compensation, all hours that an employee *works or is in a paid status* during his[/her] regularly scheduled work hours shall be counted as hours of work." (emphasis added.)

27.     In early September of 2019, "B-shift" of the Roanoke Fire-EMS worked shifts in addition to their regular hours worked.  These additional shifts constituted work in excess of overtime thresholds requiring Defendant to pay the fire protection personnel overtime compensation.  Defendant refused to pay all overtime pay to the affected personnel.

28.     Defendant continues to deny Plaintiffs and similarly situated employees overtime compensation to which they are entitled.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice, or policy of not compensating fire protection employees in accordance with state and federal mandates for certain overtime work performed for Defendant's benefit.

30. The FLSA requires covered employers such as Defendant to compensate fire protection employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of the elected cycle length.

31. At all times relevant hereto, Defendant knew that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

32. Defendant had knowledge of their FLSA requirements to pay "fire protection employees" overtime compensation.

33. Defendant has an obligation under the FLSA to maintain accurate records of time worked by employees.

34. Defendant willfully violated the FLSA by requiring its fire protection employees to perform tasks in addition to their regular shift without overtime compensation.

35. Upon information and belief, Defendant willfully violated the FLSA by failing to keep accurate time records of all hours worked by Plaintiffs and other similarly situated employees.

36. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of these laws.

37. Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) (or more) years preceding the filing of this Complaint.

38. Moreover, such action by Defendant demonstrates a willful and/or reckless disregard for the FLSA's overtime requirements for fire protection employees. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

39. Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant had no legitimate reason to believe their actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## COUNT TWO
### VIOLATIONS OF VA. CODE §§ 9.1-700 *et seq.*

40. Defendant has willfully violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs and others subject to the same policies of earned overtime pay.

41. Defendant's policy and practice of not paying overtime compensation for hours worked violates Va. Code § 9.1-700 *et seq.* and has deprived Plaintiffs, and others who are subject to the same policies, of earned wages.

42. On information and belief, Defendant's practices have resulted in the underpayment of legally earned overtime compensation - and evinces a willful violation of Va. Code § 9.1-700 *et seq.*

43. Pursuant to Va. Code § 9.1-704, Plaintiffs are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount for the failure to receive such compensation in the pay period due, and payment for Plaintiffs' attorney's fees and costs of this proceeding.

### PRAYER FOR RELIEF FOR COUNT ONE
### (FLSA CLAIMS)

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all fire protection employees, and other employees performing the duties of fire protection employees, who were employed by Defendant during September of 2019, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt into this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B. Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the FLSA collective class;

C. Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

  E. Enter judgment that Defendant's violations of the FLSA were willful;

  F. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, an amount equal to their overtime damages as liquidated damages for the failure to receive overtime compensation in the pay period due;

  G. Enter judgment for post-judgment interest at the applicable legal rate;

  H. Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

  I. Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

  J. Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the elected cycle; and

  K. Grant such other and further relief as this Court deems necessary and proper.

**PRAYER FOR RELIEF FOR COUNT TWO**

WHEREFORE, Plaintiffs respectfully request that this Court:

    A.    Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703;

    B.    Award appropriate injunctive relief to prevent such practices continuing in the future;

    C.    Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704;

    D.    For an award of reasonable attorney's fees and costs incurred on Plaintiffs' behalf, pursuant to Va. Code § 9.1-704; and

    E.    For such other and further relief to which Plaintiffs may show themselves justly entitled.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

Kyle Inman, James D. Reynolds, Jr., and Nicholas J. Sosik, on behalf of themselves, and all others similarly situated,

By: /s/ Thomas E. Strelka

>Thomas E. Strelka, Esq. (VSB# 75488)
>L. Leigh R. Strelka, Esq. (VSB # 73355)
>N. Winston West, IV, Esq. (VSB # 92598)
>Brittany M. Haddox, Esq. (VSB # 86416)
>Monica L. Mroz, Esq. (VSB #65766)
>STRELKA EMPLOYMENT LAW
>Warehouse Row
>119 Norfolk Avenue, S.W., Suite 330
>Roanoke, VA  24011
>Tel:  540-283-0802
>thomas@strelkalaw.com
>leigh@strelkalaw.com
>winston@strelkalaw.com
>brittany@strelkalaw.com
>monica@strelkalaw.com
>
>*Counsel for Plaintiff*