IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

KYLE INMAN, JAMES D. REYNOLDS, JR., NICHOLAS J. SOSIK on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CITY OF ROANOKE, VIRGINIA,

    Defendant.

Civil Action No. 7:21-cv-462

## JOINT MOTION TO APPROVE SETLEMENT

COME NOW Plaintiffs Kyle Inman, James D. Reynolds, Jr. and Nicholas J. Sosik, by counsel, and hereby attest that the parties have resolved the dispute in this matter. Plaintiffs filed this action in the Roanoke Division of the United States District Court, Western District of Virginia alleging claims of unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") and Va. Code 9.1-700 et seq. (the "Virginia Law") against their employer, the City of Roanoke ("the City"). The City has yet to make an appearance in this matter, but Plaintiff's counsel attests that counsel for the Roanoke City Attorney's Office has approved both the settlement and this motion. The parties have reached an agreement on all terms related to Plaintiffs' claims. In support of settlement, the Plaintiffs provide as follows:

1. The sole issue in this case is whether the City owed compensation to a deployment of Roanoke City Fire-EMS employees for extra shifts worked during the week of September 1, 2019. The employees had been deployed to provide as-needed relief and support due to the encroachment of Hurricane Dorian.

2. The possible class of this case is limited to four (4) employees, three of whom are named Plaintiffs in this matter.

3. The City has agreed to pay each Plaintiff the full amount owed for working additional shifts as follows:

    a. Plaintiff Inman:    $696.15

    b. Plaintiff Sosik:    $624.59

    c. Plaintiff Reynolds: $720.72

4. Attorney Thomas Strelka of Strelka Employment Law represented the Plaintiffs in this matter. At no time has Mr. Strelka requested any compensation from the Plaintiffs nor is Mr. Strelka receiving any portion of the proceeds based on a contingency fee agreement.

5. As agreed between the parties, because the statutes claimed by the Plaintiffs have attorneys' fees provisions, the City shall pay Strelka Employment Law $1,400 in total for work upon this case.

6. The parties consider the payments to the Plaintiffs as "best day recovery" payments for their respective claims.

7. The parties have agreed that settlement of the alleged claims in no way constitutes an admission of liability or wrongdoing on the part of the City.

8. The parties believe their settlement to be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).

**ARGUMENT**

The claims settled involved a *bona fide* dispute over FLSA provisions, i.e., the alleged nonpayment of overtime funds to the affected employees during the week of September 1, 2019.

Settlement of an FLSA lawsuit must be approved by either a district court or the U.S. Department of Labor. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89136, at *8 (E.D. Va. Sept. 29, 2009) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). In this Circuit, an FLSA settlement will be approved when the Court determines that the settlement "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* In evaluating the fairness of settlements under the FLSA, courts rely on six factors: (1) the extent of discovery that has taken place, (2) the state of proceedings, including the complexity, expense, and likely duration of the litigation, (3) the absence of fraud or collusion in the settlement, (4) the experience of Plaintiffs' counsel, (5) the probability of Plaintiffs' success on the merits, and (6) the amount of the settlement in relation to the potential recovery. *See Devine v. City of Hampton, Virginia*, 2015 U.S. Dist. LEXIS 177155 at *38 (E.D. Va. Dec. 1, 2015) (citing *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014)).

The proposed settlement terms are fair and reasonable. The settlement represents a good faith compromise of the parties' *bona fide* dispute of liability and damages under the FLSA. The settlement was reached after many months of arms-length negotiation. The parties request that the Court approve the settlement.

A.  <u>Existence of *Bona Fide* Dispute</u>

To merit Court approval, the settlement must resolve a *bona fide* dispute over FLSA provisions. *See Lynn's Food Stores*, 679 F.2d at 1355. Plaintiffs allege that the City

3

refused total overtime payment regarding work performed in September of 2019. Thus, Plaintiffs contend they are owed overtime under the FLSA. Defendant denies that Plaintiffs are owed overtime payments under the FLSA or Virginia Law, but has agreed to pay Plaintiffs, as well as the other Fire-EMS employees who were assigned to the deployment during the week of September 1, 2019, in conjunction with a recent change of policy that Fire-EMS employees who are assigned to emergency deployments will receive compensation above the amounts legally required by the FLSA and Virginia Law. The settlement agreements signed by the parties represent a good faith compromise of the parties' *bona fide* dispute regarding the FLSA allegations and claims contained in the Complaints.

B.   The Extent of Discovery

The parties were able to avoid formal discovery in this matter. Given the limited size and scope of the case, the parties agreed to resolve the dispute without driving up litigation costs.

C.   The State of Proceedings

This matter has been pending since September 1, 2021. Settlement itself was reached in November of 2021. Given the state of the proceedings including the complexity, expense, and likely duration of the litigation, the proposed settlement of claims is fair and reasonable.

D.   Absence of Fraud or Collusion

The parties have zealously advocated for their clients' competing interests throughout this litigation, including during settlement negotiations. The settlement is a result of the parties' successful arms-length negotiation. The parties believe that there was no opportunity for and no possibility of fraud or collusion.

E. <u>Experience of Plaintiffs' Counsel in Wage and Hour Litigation.</u>

Plaintiff's counsel is a well-respected lawyer with experience in the field of wage and hour law. Mr. Strelka has litigated a number of small and large overtime cases against public entities and private corporations, including, but not limited to:

> *Wright, et al. v. City of Roanoke* 7:18CV210 (WDVA)
> *Altice v. Intercept Youth Services* 7:14-cv-627 (WDVA)
> *Chittum, et al. v. East Mental Health Services* 7:13-cv-523 (WDVA)
> *LaRue v. Moms in Motion, Inc.* 7:17-cv-162 (WDVA)
> *Saul v. It's About Time, Inc.* 7:16-cv-177 (WDVA)
> *Broussard v. Eldor Automotive Powertrain USA* 7:19-cv-0841 (WDVA)

F. <u>Probability of Plaintiffs' Success on the Merits and the Amount of Settlement in Relation to the Potential Recovery</u>

    i. <u>Plaintiffs' Recovery</u>

Because Plaintiffs' hours were recorded Plaintiffs' best day was ascertainable and known to all parties. This made settlement of the matter considerably easier than it otherwise may have been. Plaintiffs submit that recovery of 100% of their best day damages represents a significant success. Given the risks and expenses faced by both sides, the instant settlement is fair and reasonable as to all.

    ii. <u>Plaintiffs' Attorneys' Fees and Costs</u>

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fee fight over the amount of attorneys' fees, the parties here were able to reach a resolution of the claim for attorneys' fees and costs.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints

5

the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, 2010 U.S. Dist. LEXIS 47511 *4 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *See Devine, supra*, at *41. In determining the reasonableness of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* at *41-42. Plaintiffs' total lodestar can be found below and Plaintiffs' fee records have been appended to Plaintiffs' counsel's declaration.

Strelka Employment Law Lodestar: 18.4 hours at $350 per hour = **$6,440.00**

Here, the parties agreed that Plaintiffs' attorneys' fees and costs would be set at $1,400, roughly 21% of Plaintiffs' counsel's then lodestar. $400 of this amount represents reimbursement of the filing fee. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Davis v. BT Ams. Inc.*, 2017 U.S. Dist. LEXIS 228126 (E.D. Va. May 10, 2017) (quoting *Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927 at *4 n.4 (D. Md. Jan. 13, 2012) (quoting *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011)) Courts within the Fourth circuit have recognized that fees may 'substantially exceed damages' in FLSA cases." *Atkins v. Sunbelt Rentals, Inc.*, 2016 U.S. Dist. LEXIS 85768 *10 (D. Md. June 29, 2016).

## CONCLUSION

Wherefore the parties request that the Court approve the settlement and resolve this matter.

Respectfully submitted,

Kyle Inman, James D. Reynolds, Jr., and Nicholas J. Sosik, on behalf of themselves, and all others similarly situated,

By: /s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*